IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JOSE ORELLANA,** | ) |
| | ) Case No. _____ |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **AEI PAINTING CONTRACTORS, LLC** and | ) |
| **CHAD SKINNER, Jointly and Severally,** | ) |
| | ) |
| **Defendants.** | ) |

**COLLECTIVE ACTION COMPLAINT**
**(Jury Trial Demanded)**

Plaintiff, on behalf of himself, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. Defendants operate a painting business which serves commercial and residential clients in Georgia, Alabama, South Carolina, and North Carolina.

2. Plaintiff was employed as a painter for Defendants.

3. Plaintiff was paid straight-time for all hours worked, despite working in

1

excess of 40 hours per week throughout his employment.

4. Plaintiff brings this action on behalf of himself and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions leading to this claim occurred while Plaintiff performed work Defendants serving the metro Atlanta area and other parts of the Northern District of Georgia.

7. Additionally, venue is proper in this district because Defendants are registered with the Secretary of State with a principal office address of: 190 Camden Hill Road, Suite C, Lawrenceville, Georgia 30046, which is in Gwinnett County.

8. This Court is empowered to issue a declaratory judgment pursuant to 28

U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

9. Plaintiff, was at all relevant times, an adult individual residing at 6781 Landmark Way, Apt. 4G, Austell, Georgia 30168, which is in Cobb County.

**Defendants:**

10. Defendant AEI Painting Contractors, LLC, is a domestic limited liability company in Georgia. The company lists its principal place of business with the Georgia Secretary of State as: 190 Camden Hill Road, Suite C, Lawrenceville, Georgia 30046, which is in Gwinnett County.

11. Additionally, Defendant Chad Skinner is an owner, officer, director and/or managing agent of AEI Painting Contractors, LLC. Mr. Skinner's address is known at this time.

12. Chad Skinner (the "Individual Defendant") participated in the day-to-day operations of AEI Painting Contractors, LLC, and acted intentionally and maliciously. The Individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2,

and is jointly and severally liable with AEI Painting Contractors, LLC (the "Corporate Defendant").

13. Upon information and belief, the Individual Defendant jointly set the unlawful payroll policies complained of in this complaint for the Corporate Defendant.

14. At all relevant times, Defendants have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

15. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

16. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, in that they operate a painting company that obtains industrial paint, tools and machinery, such as pressure washers, and work vehicles from various parts of the United States, affecting interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i). Furthermore, Defendants' business has affected interstate commerce in that they perform their painting services for clients outside of Georgia, in states such as Alabama, South Carolina, and North Carolina.

17. Additionally, Plaintiff has individual FLSA coverage through routinely using and operating industrial paint, and tools and machinery, such as pressure washers, and work vehicles, which were moved, handled, and obtained in other states in interstate commerce. Plaintiff used these goods and materials on a daily basis throughout his employment.

## STATEMENT OF FACTS

18. At all relevant times, Defendants have been in the painting industry, performing painting services for commercial and residential clients.

19. Upon information and belief, the Individual Defendant handles payroll and record keeping for the Corporate Defendant, and is actively involved with the Corporate Defendant's day-to-day operations.

20. Plaintiff's job duties consisted of: Painting, preparing walls to be painted, caulking walls and tiles, installing nylon on boards, and cleaning up after painting was complete.

21. Plaintiff was employed with Defendants from approximately January 1, 2019 to December 30, 2021.

22. Plaintiff typically worked 55 hours each week, but has worked up to 60 hours

a week during his employment.

23. Plaintiff typically worked six days each week, and was off on Sundays.

24. Plaintiff's work hours were generally from 7 a.m. to 6 p.m. (11 hours) from Monday to Friday, and 7 a.m. to 2 p.m. (7 hours) on Saturdays. Plaintiff received a one-hour break each workday.

25. Plaintiff was paid $17.00 per hour during his employment with Defendants.

26. Plaintiff was paid straight-time throughout his employment, and did not receive any overtime wages, despite working in excess of 40 hours throughout his employment.

27. This failure to pay overtime premium wages to Plaintiff can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## **PRAYER FOR RELIEF**

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: September 11, 2022

        Respectfully submitted,

        **s/ Brandon A. Thomas**
        BRANDON A. THOMAS
        GA BAR NO.: 742344
        The Law Offices of Brandon A. Thomas, PC
        1 Glenlake Parkway, Suite 650
        Atlanta, GA 30328
        Tel: (678) 330-2909
        Fax: (678) 638-6201
        brandon@overtimeclaimslawyer.com